**SHINGLESLAW, LLC**
**EVAN S. SHINGLES, ESQ.**                                    Attorney for Plaintiff
**I.D. No. 88918**
**834 Chestnut Street, Suite 206**
**Philadelphia, PA  19107**
**(215) 625-3742**
**Fax: (215) 574-0699**
**eshingles@shingleslaw.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA

| | | |
|---|---|---|
| **JENNIFER ROBINSON** | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 2:19-cv-00074-GEKP |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| Defendant. | : | |

**AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff brings this action seeking damages against the Defendant acting by and through its servants, employees and agents, for depriving them and conspiring to deprive them of their rights guaranteed under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania for their unlawful detention, arrest, prosecution, and imprisonment.

**JURISDICTION AND VENUE**

This action is brought pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 and 1988. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions.  Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.D.C. § 1367, to hear

and decide claims arising under state law.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1392 (b) (2) because the events giving rise to Plaintiff's claims occurred within this District.

**PARTIES**

1. Plaintiff, Jennifer Robinson, is an individual citizen of the State of Pennsylvania residing at 4047 Yorktown Dr., Boothwyn, PA 19061.

2. Defendant, City of Philadelphia (hereinafter "City") is a government entity and/or political subdivision of the Commonwealth of Pennsylvania organized and existing under and by virtue of laws of the Commonwealth of Pennsylvania which maintains, operates, manages and controls the Police Department of the City which acted by and through its agents, servants and/or employees and has its offices at City Hall, Philadelphia, Pennsylvania.

**GENERAL ALLEGATIONS**

3. At all times material hereto, the Defendant acted by and through its agents, servants and/or employees, their police officers Perry Betts (badge number 6761), Thomas Liciardello (badge number 4383), Linwood Norman (badge number 5214), John Speiser (badge number 7169), Michael Spicer (badge number 5180), Brian Reynolds (badge number 4268), and Jeffrey Walker (badge number 3730), who at all times relevant hereto purported to act and/or did act under color of state law, within the course of their duties and scope of their employment as the agents, servants and/or employees of Defendant City and its Police Department pursuant to either official policy, custom or practice of the Philadelphia Police Department and/or the City.

4. At all times material hereto, Defendant acted either negligently, intentionally, maliciously, and/or wantonly under color of state law and authority, and/or color of office, and

2

in reckless, intentional or callous disregard of or indifference to the rights secured to the plaintiff by federal and state laws and rules, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Article I. §§ 1, 8, 9, and 26 of the Constitution of the Commonwealth of Pennsylvania.

5. At all times material hereto, the City acted by and through its aforementioned agents, servants, employees, and/or policy makers who acted in accordance with and pursuant to governmental customs, patterns, and policies, which included the failure to take disciplinary and remedial action against officers despite repeated documented records of misconduct and multiple reported abuses of authority, and committed constitutionally offensive acts, including but not limited to the filing of false and baseless criminal charges against law abiding citizens, and the giving of false and perjurious testimony in judicial proceedings, which customs, patterns and policies were known or in the exercise of reasonable care should have been known by the Defendant City to have existed for a substantial period of time.

## **FACTUAL ALLEGATIONS**

6. Jennifer Robinson was arrested on February 9, 2010, and charged with possession with intent to deliver, possession of a controlled substance, possession of paraphernalia and possession of an instrument of crime.

7. On that day, Ms. Robinson was at home and her friend came to visit. At the time she knew that her next-door neighbor's home and another neighbor's home farther down the block were under police surveillance for suspected drug dealing. When her friend left her house, she shook his hand goodbye, which police saw and interpreted as a drug deal. They searched the friend a few blocks away and found marijuana, which was not from Ms. Robinson.

8. Thereafter, police raided the house Ms. Robinson was renting as well as two others on the block. Police officers including Liciardello, Betts, Reynolds, Speiser, and Spicer pushed their way in to Jennifer's home yelling "get the fuck down." PO Betts, with others, put guns in Jennifer's face and pulled her off the toilet. The house was ransacked and Jennifer, her sister, brother, and sister's boyfriend were all searched. Jennifer's nephew was in the house at the time and had guns pointed at him as well. Police yelled at Jennifer to "shut the fuck up" and "where's the fucking safe?", as they were convinced she had a safe or box with a drug stash. Jennifer was removed from the house. The money taken from Jennifer included $900 from her (legitimate) employment.

9. Jennifer was taken to the Polce Administration Building on Race St. where she was held overnight until she posted $4500 bail.

10. In order to avoid a stiffer sentence upon a finding of guilt, Jennifer entered a guilty plea before The Honorable Earl Trent on October 26, 2010, and received a sentence of 11 ½ to 23 months incarceration followed by 7 years reporting probation. She was paroled after one year.

11. This was Ms. Robinson's only conviction. It was nolle-prossed on January 6, 2016. She has not been arrested since.

12. On the occasion of Ms. Robinson's arrest, the aforementioned agents, servants, and/or employees involved were neither possessed of facts sufficient to establish probable cause to search and/or arrest Plaintiff, nor to conclude that he was engaged in unusual conduct that would lead a police officer to reasonably conclude that criminal activity was afoot and that the

plaintiff was armed and dangerous. Nonetheless, the aforementioned individual agents, servants and/or employees involved questioned, searched and detained Plaintiff.

13. Thereafter, the aforementioned agents, servants and/or employees involved illegally arrested the Plaintiff and placed him in custody despite the fact that at all times prior thereto those aforementioned agents, servants and/or employees involved had no legal justification or probable cause to stop, detain and/or arrest Plaintiff.

15. Notwithstanding the foregoing, the aforementioned involved agents, servants and/or employees, with the acquiescence of their superiors, supervisors, and fellow officers, filed police reports reciting facts that were contrived, manufactured and untrue.

15. The false statements manufactured by the aforementioned agents, servants and/or employees involved constituted the entirety of the evidence which was presented to the District Attorney of Philadelphia to obtain Bills of Information formally charging Plaintiff with drug offenses and/or was the basis for fabricated testimony given before Courts of Philadelphia County to support the criminal charges.

16. By reason of the aforementioned unlawful detentions and/or arrests, the subsequent unlawfully obtained Bills of Information, and/or the perjurious testimony of the aforementioned agents, servants and/or employees involved, Plaintiff was subjected to prosecution and/or incarceration which resulted in the deprivation of his liberty and freedom.

## COUNT I
### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983 AND 42 U.S.C. § 1988
### Plaintiff v. City of Philadelphia

17. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

5

18. Defendant City failed to exercise due care in the selection, appointment, training, retraining, supervision, discipline and control of its police officer agents, servants and/or employees, and policy makers which included the failure to take disciplinary and remedial action against officers despite repeated documented instances of misconduct and multiple reported abuses of authority. As a direct and proximate result of the active and/or passive conduct described herein, committed under the color of state law, and while acting in that capacity, the Defendant deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States including, but not limited to Plaintiff's right to be free from malicious prosecution, to be secure in one's liberty and property, and to due process and equal protection of the law, all to Plaintiff's detriment and loss. As a result, Plaintiff suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

19. As a direct and proximate result of the active and/or passive conduct described herein and committed under color of law, Plaintiff sustained injuries including, but not limited to, restraint of liberty and financial loss.

20. Defendant City of Philadelphia has tolerated, encouraged and been deliberately indifferent to:

    a. Abuse of police powers, malicious prosecution;
    b. Misrepresenting facts in order to establish probable cause where none would otherwise exist;
    c. Psychologically and emotionally unfit persons serving as police officers and;
    d. Failure of other police officers to prevent, deter, report, or take action against the unlawful conduct of police officers;

21. Defendant City of Philadelphia has tolerated, encouraged and been deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a. malicious prosecution by police officers;
    b. The proper exercise of police powers, including but not limited to malicious prosecution;
    c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
    d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
    e. The use of their status by police officers to employ malicious prosecutions, invocation of the Code of Silence and/or to achieve ends not reasonable or justifiably related to their duties as police officers;
    f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of arrest powers under such circumstances as presented in this case; and
    g. The refusal of police officers to report or provide information concerning the misconduct of other police officers.

22. Defendant City of Philadelphia is deliberately indifferent to the need to train and supervise police officers.

23. Defendant City of Philadelphia has intentionally and with deliberate indifference to the rights of persons, such as Plaintiff, failed to establish a system which properly identifies, reports and/or investigates instances of improper conduct, and thereby permitted, encouraged and tolerated a pattern and practice of employees, officials, and agents, including agents in this case, in abusing their powers.

24. Defendant City of Philadelphia is deliberately indifferent to the need to discipline police officers as evident from the fact that the internal mechanism adopted by the Defendant City to ensure appropriate oversight of police conduct, the Internal Affairs Division (IAD) of the

Philadelphia Police Department, has long proven to be ineffective in imposing meaningful disciplinary and remedial actions, thereby allowing unlawful conduct to be repeated.

25. Defendant City of Philadelphia, as a matter of policy or practice, has, with deliberate indifference to the rights of persons such as Plaintiff, failed to adequately sanction and/or discipline its employees, officials, and agents, including those involved in this case, for violations of the rights of individuals, thereby causing agents in this case to engage in the unlawful conduct described herein.

26. Defendant City of Philadelphia has failed to properly sanction and/or discipline its employees, officials, and agents who commit, are aware of and conceal and/or aid and abet constitutional violations by other police officers, thereby encouraging police offers to violate the rights of citizens without fear of discipline.

27. The failure of the City to adequately address misconduct by City of Philadelphia Police Officers was lamented by former City of Philadelphia Police Commissioner Charles H. Ramsey: "Philly is not a bad police department at all… But it will never realize its full potential as long as you have a system in place like this." (Philadelphia Inquirer, "Fired, Then Rehired" September 12, 2019.)

28. The failure of the City to adequately address misconduct by City of Philadelphia Police Officers was also addressed by Retired Police Chief Inspector, Anthony DiLacqua, who oversaw Internal Affairs from 2008 to 2010: "He and his investigators had no say in how discipline was meted out…they were often dismayed when cops returned to the force after Internal Affairs had determined the officers committed serious offenses." (Philadelphia Inquirer, "Fired, Then Rehired" September 12, 2019.)

29. Defendant City of Philadelphia has, by the above-described actions and omissions, deprived the Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

30. To the extent any of the above unconstitutional actions were not decided or authorized by City policymakers, all such actions were the result of decisions by City policymakers to delegate such decision-making authority to the persons who did authorize and direct the unconstitutional conduct.

31. To the extent any of the individual agents acted outside the authorization and direction of City policymakers or the persons to whom policymaking authority was delegated, the City is responsible for failing to properly train, supervise, and/or discipline the officers who so acted. Given the city's poor history with regard to constitutional violations, its failures in this regard were with deliberate indifference to the risk of those constitutional violations.

32. As a direct and proximate cause of the actions of Defendant, Plaintiff suffered the following injury and damages:

    a. Violation of his constitutional rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, his rights to be free in his person, to be free of unreasonable searches and seizures, to be free of excessive force, and to due process and equal protection under the law;

    b. Loss of his physical liberty; and

    c. Physical pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

33. As a direct result of the intentional improper and unlawful acts of Defendant's agents in this case, Plaintiff suffered from, and continues to suffer from a loss of life's pleasures.

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) and requests the following relief pursuant to 42 U.S.C. §1988 and laws of the Commonwealth of Pennsylvania:

a. Declaratory judgment;

b. Compensatory damages;

c. Reasonable attorney's fees and costs; and

d. Other and further relief as this Court may deem appropriate.


Dated: 2/12/2024                          _____/s/_____
                                          EVAN S. SHINGLES
                                          Attorney for Plaintiff